# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant MATTHEW J. MARSHALL**
**United States Army, Appellant**

ARMY 20130395

Headquarters, III Corps and Fort Hood
James L. Varley, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Kevin Boyle, JA; Major Yolanda McCray Jones, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

9 February 2016

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Judge BURTON:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of one specification of willfully disobeying a superior commissioned officer, one specification of assault consummated by a battery, one specification of conduct unbecoming an officer and a gentlemen, one specification of adultery, and one specification of communicating a threat in violation of Article 90, 128, 133,and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 928, 933, 934 (2006) [hereinafter UCMJ].  Contrary to his pleas, the military judge also convicted appellant of an additional specification of assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. §928.  The court sentenced appellant to be dismissed from the service and to be confined for eight months.  The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one allegation of error which merits discussion and relief. Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate and grant thirty days confinement credit.[*]

## LAW AND DISCUSSION

The convening authority took action 574 days after the sentence was adjudged; the government is responsible for 526 of these days. The record in this case consists of four volumes, and the trial transcript is 402 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 312 days to transcribe the record of trial and to serve it on appellant's defense counsel, and 31 days for the military judge to authenticate the record of trial. The convening authority took action 247 days after the military judge authenticated the record of trial. The government provided no explanation for the delay in transcription, or following the authentication of the record, for the delay in convening authority action. Though the sentence in this case is appropriate for appellant's misconduct, the unexplained delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a dismissal and confinement for seven months. All rights, privileges, and property, of which appellant has been deprived by virtue

---

[*] The appellant raised issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We will address the issue raised concerning post-trial processing time; the remainder are without merit.

of this decision setting aside portions of the sentence, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

    Senior Judge MULLIGAN and Judge HERRING concur.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court